## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 24 2018, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Austin D. Warren,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 24, 2018

Court of Appeals Cause No. 91A05-1710-CR-2412

Appeal from the White Superior Court

The Honorable Robert B. Mrzlack, Judge

Trial Court Cause No. 91D01-1512-F5-142

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Austin Warren (Warren), appeals his sentence following his conviction for failure to remain at the scene of an accident resulting in death, a Level 5 felony Ind. Code § 9-26-1-1.1(a)(2) (2015).

We affirm.

# ISSUE

Warren presents a single issue on appeal, which we restate as: Whether Warren's sentence is inappropriate in light of the nature of the offense and his character.

# FACTS AND PROCEDURAL HISTORY

The facts underlying Warren's conviction, as found by this court in his initial direct appeal, are as follows:

> On the evening of October 11, 2015, . . . Warren and his brother were seen drinking alcohol at a bar. Later that evening, as Warren drove his truck in White County, he struck a car driven by Deborah Barkas. Barkas' thirteen-year-old daughter, H.O., was in the car. Warren's truck struck the driver's side of Barkas' car with sufficient force to push the car off the road and into a ditch, where it rolled onto its passenger side and struck a telephone pole before the truck collided with it a second time. Warren's truck was also heavily damaged, and an airbag deployed.
>
> Warren got out of his truck and approached Barkas' car. He saw a large amount of blood. Warren briefly tried to open a car door

and then fled on foot, pausing only to remove his license plate from his truck.

Emergency responders arrived on the scene and extracted Barkas and H.O. from the car. Barkas was pronounced dead at the scene. H.O. was airlifted to a hospital but later died due to her injuries.

A police officer found a receipt bearing Warren's name in the truck. Several officers went to Warren's home. He told the officers he had been drinking at home for most of the evening and, when informed that his truck had been involved in an accident, claimed it had been stolen. An officer smelled an odor of alcoholic beverages on Warren during their conversation. Meanwhile, back at the scene of the collision, officers collected DNA material from the truck's air bag. DNA testing of the material revealed a match with Warren's DNA.

*Warren v. State*, No. 91A04-1611-CR-2607 (Ind. Ct. App., Jun. 29, 2017).

[5] On December 18, 2015, the State filed an Information, charging Warren with Count I and II, failure to remain at the scene of an accident resulting in death, both Level 5 felonies. On June 21, 2016, Warren pleaded guilty to both charges without the benefit of a plea agreement. At the close of the evidence, the trial court sentenced Warren to three years on each Count, all to be severed consecutively, for a total of six years. Warren appealed.

[6] On direct appeal, Warren challenged his conviction arguing that it violated his federal and state constitutional protections against double jeopardy. Also, Warren claimed that the trial court abused its discretion by imposing consecutive sentences. The State cross-appealed arguing that Warren waived

appellate review on his double jeopardy claim since he pled guilty. First, we determined Warren had not waived his right to present his double jeopardy claim by pleading guilty. Finally, we concluded that under a double jeopardy analysis, one of Warren's convictions should be vacated on remand because he is being punished twice for committing only one wrong; and that the trial court did not abuse its sentencing discretion.

[7] On remand and during the resentencing hearing on September 21, 2017, the trial court vacated one of the charges for Level 5 felony failure to remain at the scene of an accident resulting in death, and imposed a maximum six-year sentence on the remaining Count.

[8] Warren now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[9] Warren claims that his sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) empowers us to independently review and revise sentences authorized by statute if, after due consideration, we find the trial court's decision inappropriate in light of the nature of the offense and the character of the offender. *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007). The "nature of offense" compares the defendant's actions with the required showing to sustain a conviction under the charged offense, while the "character of the offender" permits a broader consideration of the defendant's character. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008); *Douglas v. State*, 878 N.E.2d 873, 881 (Ind. Ct. App. 2007). An appellant bears

the burden of showing that both prongs of the inquiry favor a revision of his sentence. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other considerations that come to light in a given case. *Cardwell*, 895 N.E.2d at 1224. Our court focuses on "the length of the aggregate sentence and how it is to be served." *Id.*

[10] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). For his Level 5 felony failure to remain at the scene of an accident resulting in death, Warren faced a sentencing range of one to six years, with the advisory sentence being three years. I.C. § 35-50-2-6. Warren was sentenced to six years, which is the statutory maximum.

[11] We first examine the nature of Warren's offense. Warren argues that the "fact that two deaths occurred, rather than just one death, does not make the crime so severe to warrant the maximum sentence." (Appellant's Br. p. 16). Warren had been drinking at a bar prior to driving and he struck a car driven by Barkas, instantly killing Barkas and fatally injuring Barkas' thirteen-year-old daughter, H.O., who later died due to her injuries. Prior to leaving the scene, Warren approached Barkas' car, briefly tried to open a car door, and then fled on foot, pausing only to remove his license plate from his truck in an attempt to obstruct the police from determining his identity and involvement in the accident. The fact that Warren had been drinking and driving, failed to call 911 after

observing that two victims had been seriously injured from the high impact accident and were in desperate need of medical assistance, and his attempts to conceal his involvement in the accident, makes Warren's offense particularly egregious. Therefore, we conclude that Warren's sentence is not inappropriate in light of the nature of his offense.

[12] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*. While a record of arrests may not be used as evidence of criminal history, it can be "relevant to the trial court's assessment of the defendant's character in terms of the risk that he will commit another crime." *Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005). Warren's juvenile criminal history involves three prior adjudications in 2008 for residential entry, minor consuming alcohol, and possession of marijuana. As an adult, in 2011, Warren was arrested for receiving stolen property, and minor consuming alcohol, however, the State later dismissed those charges.

[13] Warren's alcohol and substance abuse also reflects poorly on his character. Warren admittedly stated that he began abusing drugs at age thirteen, and was smoking marijuana up to ten times a day between the age of sixteen and twenty-one, and synthetic marijuana up to seven times a day between the age of twenty and twenty-two. He was suspended from school after being found in possession of marijuana on school property. Warren continued to smoke

synthetic marijuana up until his arrest in this case. As for alcohol, Warren began drinking alcohol at age twelve. His alcohol and substance abuse resulted in his suspension or expulsion from school.

[14] Warren proposes a more lenient sentence, such as four years. The question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is *inappropriate* in light of the nature of the offense and the character of the offender. *Reid*, 876 N.E.2d at 1116. Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Warren's actions of drinking and driving, striking another vehicle, failing to call 911 when he observed that the two victims were seriously injured and in desperate need of medical assistance, and his attempts to conceal his involvement in the accident, show that Warren's offense was clearly not accompanied by restraint, regard, or lack of brutality. In addition, Warren's alcohol and drug abuse, as well as Warren's prior criminal history, does not portray Warren in a positive light or show substantial virtuous traits or persistent examples of good character to overcome the trial court's judgment.

[15] After due consideration of the trial court's decision, we cannot say that the sentence imposed by the trial court is inappropriate in light of the nature of Warren's offense and his character.

# CONCLUSION

In sum, we conclude that Warren's sentence is not inappropriate in light of the nature of the offense and his character.

Affirmed.

May, J. and Mathias, J. concur